IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID B. LOWRY,

        Plaintiff,

    vs.

KENNETH S. APFEL, in his capacity as the Commissioner of the Social Security Administration; DAN R. HYATT; RILEY ATKINS; and BENNETT ENGELMAN,

        Defendants.

CV 99-1210-ST

OPINION AND ORDER

David B. Markowitz
Markowitz, Herbold, Glade & Mehlhaf, P.C.
Suite 3000, Pacwest Center
1211 S.W. Fifth Avenue
Portland, Oregon 97204

    Attorneys for Plaintiff

William B. Youngman
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Victoria Blais
Assistant Regional Counsel - Seattle Region
Special Assistant United States Attorney
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

    Attorneys for Defendants

1 -    OPINION AND ORDER

REDDEN, Judge:

Magistrate Judge Stewart filed her Findings and Recommendation on March 2, 2000. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Decisions on dispositive issues under 28 U.S.C. § 636(b)(1)(B) are reviewed de novo. United States v. Raddatz, 447 U.S. 667, 673 (1980); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). When a party objects to any portion of the magistrate's findings and recommendation, the district court must make a de novo determination of that portion of the magistrate's findings and recommendation. 28 U.S.C. § 636(b)(1)(B); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982); United States v. Remsing, 874 F.2d 614 (9th Cir. 1989).

Plaintiff and defendants have timely filed objections. I have, therefore, given the file of this case a de novo review.

I disagree with defendants' position that plaintiff had an adequate remedy under the Commissioner's disqualification regulations, the Hearings, Appeals and Litigation Law (HALLEX) manual, interim procedures regarding bias or misconduct, and Program Operation Manual System (POMS). It is true that plaintiff knew of and availed himself of the procedures when he submitted bias and unfairness complaints to the Regional Chief ALJ and to the Appeals Counsels. However, plaintiff was informed on December 3, 1998 that an investigation of his complaints would be conducted; that investigation is still pending. He was then informed by letter dated April 26, 1999 by the Regional Chief ALJ (in response to a demand letter sent by plaintiff's attorneys) that there was no statutory or regulatory authority for the relief plaintiff requested. The Regional Chief ALJ went on to say that even if such authority existed, he would not use it with respect to Lowry's complaints. Thus, I agree with Magistrate Stewart's conclusion that the Commissioner's bias and unfairness procedures were inadequate and that plaintiff had no other remedy for his complaints.

I also agree with Magistrate Stewart's conclusion that defendants' motion to

2 -   OPINION AND ORDER

dismiss for lack of standing should be granted as to defendants Atkins and Engelman without prejudice and with leave to replead.

Therefore, I ADOPT the Magistrate's Findings and Recommendation (doc. 26) that:

(1)   Defendants' motion to dismiss for lack of subject matter jurisdiction (doc. 5) and for stay of scheduling order should be DENIED;

(2)   Defendant's motion to dismiss for lack of standing (doc. 8) should be DENIED as to defendants Hyatt and Apfel and GRANTED as to defendants Atkins and Engelman without prejudice and with leave to replead;

(3)   Defendant's motion to dismiss for failure to state a claim (doc. 14) should be DENIED; and

(4)   The current discovery and pretrial order dates should be stricken, discovery stayed, and a new case schedule set after the pending motions are resolved.

IT IS SO ORDERED.

Dated this __7th__ day of June, 2000.


       __S/S James A. Redden__
       James A. Redden
       United States District Judge